SARAH V. FROST *vs.* DOMESTIC SEWING MACHINE COMPANY.

Suffolk.    November 17. — 28, 1882.    LORD & W. ALLEN, JJ., absent.

In an action against a corporation for an assault and battery and false imprisonment by its agents and servants, the plaintiff's evidence showed that a certain machine bought by him of the defendant was replevied upon a writ, in favor of the defendant, brought by one S., an attorney, who, in its service, committed the torts sued for; and that the replevin bond was signed by the defendant, by G. manager. The plaintiff also offered to show that, at the trial of the replevin writ, G. testified that he was the manager and agent of the defendant; and further offered to prove that, before that writ was sued out, G., as such manager and agent, employed an attorney to sue out the writ; that the writ was placed in the hands of a person for service; and that, upon the refusal of this person and the attorney to serve the writ by committing a breach of the peace, G. said " he would find some one to obtain the machine; " and then followed the employment of, and service by, S. *Held,* that this evidence should have been submitted to the jury upon the question of S.'s agency.

TORT, in two counts, for assault and battery and false imprisonment by the defendant's agents and servants. Trial in the

Superior Court, before *Rockwell*, J., who reported the case for the determination of this court, in substance as follows :

The plaintiff testified that, in December 1880, her husband received a sewing machine, under a bargain for the sale thereof, on certain conditions contained in an agreement between him and the defendant, signed by him, and witnessed by one Dill, who in said agreement represented himself as agent for the defendant, and by whose solicitations the agreement was made. The plaintiff also put in evidence a replevin writ, issued from the office of Joseph P. Silsby, an attorney at law, in favor of this defendant, against E. O. W. Frost, the husband of the plaintiff, for the replevin of the machine received by him. Said writ was dated May 12, 1881, and the officer's return thereon showed that he, by virtue thereof, replevied the machine, which was receipted for on the writ by Silsby, as attorney for this defendant. The replevin bond was signed, as principal, by this defendant by " J. A. Goodwin, manager." Said writ was duly entered in court, went to trial and judgment, an appeal was taken by this defendant to the Superior Court, the bond to prosecute the appeal was signed by and in behalf of this defendant, as principal, by its attorney of record, said Silsby, and the appeal was entered in the Superior Court, where it was finally disposed of by agreement. The plaintiff also testified to the assault and battery and false imprisonment by said Silsby, on the date of, and at the time of service of, said replevin writ; and that, at the trial of the replevin suit, said Dill testified that he was the duly authorized agent of this defendant, and was, as such, authorized to enter into and make agreements for the sale of machines.

The plaintiff offered to prove, that, at the trial of the replevin suit, said Goodwin was present, and testified that he was the manager and agent of this defendant for Massachusetts, and also heard the testimony of Dill, without making any denial thereof; that, a few days prior to the suing out of the replevin writ by Silsby, Goodwin, as general manager and agent for this defendant, employed the law firm of Richardson and Hale to sue out a writ of replevin for said machine from the plaintiff's husband; that the replevin writ was placed in the hands of one Ware for service; that Goodwin, in company with Mr. Hale, as attorney for this defendant, called on Ware to ascertain why

the writ had not been served; that Ware informed them he had endeavored to obtain possession of the machine, but could not without committing a breach of the peace, which he and Mr. Hale declined to do; and that thereupon Goodwin said he would find some one to obtain the machine; and then followed the employment of Silsby as attorney, and the service of the writ, with the torts of Silsby, as herein stated.

The defendant, at the close of the plaintiff's evidence, asked the judge to rule that the action could not be maintained, because there was no evidence legally competent to prove, either in the testimony given in the case, or in that offered by the plaintiff, that Silsby was the agent of the defendant corporation, or acting under any authority of the corporation. The judge so ruled; and the jury returned a verdict for the defendant.

If the rulings and refusals to admit the evidence offered were correct, judgment was to be entered on the verdict; otherwise, the verdict to be set aside, and a new trial ordered.

*J. F. Kilton & M. Dolan,* for the plaintiff.

*D. F. Fitz,* for the defendant.

COLBURN, J. We are in doubt whether there was any question made in this case that Goodwin was the manager of the defendant. If there was such question, we think the offer of the plaintiff to prove that Goodwin, as general manager and agent of the defendant, did certain things, included an offer to prove that he sustained that relation to the defendant, and was not merely an offer to prove that he acted in that capacity.

The general manager and agent of the defendant must be presumed, *prima facie* at least, to have had authority to institute the replevin suit, and to employ an attorney at law for that purpose.

There was evidence that Silsby was an attorney at law, and that he brought the replevin suit and caused the writ to be served; and, if the plaintiff sustained her offer of proof, there would have been evidence sufficient to warrant the jury in finding that he was employed for that purpose by the defendant, through its manager, and that he was for that purpose the agent of the defendant.

We do not understand by the report that any question is raised that the defendant is responsible for the acts of Silsby in

committing the assault and battery, if he was its agent, though this question is discussed at length in the plaintiff's brief. But if it was intended to raise this question, there are not sufficient facts reported to enable us to determine it.

*New trial ordered.*