TRUSTEES OF SMITH CHARITIES *vs.* MARY C. CONNOLLY.

Hampshire.    September 20, 1892. — October 21, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Writ of Entry — Corporation — Mortgage — Remedy — Evidence — Variance — Notice to quit — Finding.*

The president of a corporation, the business of which is principally to keep a certain trust fund invested in mortgages and other securities, who is its general manager and chief executive officer, has authority to direct a writ of entry to be brought to foreclose a mortgage held by the corporation.

A mortgagee, who has entered upon the mortgaged premises for the purposes of foreclosure, and duly filed a certificate thereof, may also bring a writ of entry to foreclose the mortgage, and have a conditional judgment.

If, at the trial of a writ of entry to foreclose a mortgage, the demandant testifies that he has made inquiry and searched records, and has not found or learned of

the attesting witness to the mortgage, and there is also evidence that the attesting witness, although she had been in the place of inquiry within three weeks before the trial, was living in another State at the time of the trial, it is competent for the judge sitting without a jury to find that the witness lived out of the State, and to admit secondary evidence of the execution of the mortgage.

If some of the boundaries recited in a mortgage of land sought to be foreclosed by a writ of entry are erroneous, but enough remains by which to locate the land, the identity of the tract demanded with that described in the mortgage is for the judge sitting without a jury.

The demandant in a writ of entry is not obliged to give the tenant notice to quit before commencing the action.

WRIT OF ENTRY, to foreclose a mortgage of land in Northampton, described as follows: "A certain tract of land bounded northerly by land now or formerly of Charles Dayton and land now or formerly of Justin Thayer's estate; easterly in part by land formerly of Charles Delano and in part by land of the Connecticut River Railroad Company; southerly by land now or late of the heirs of Dennis Ryan; westerly partly by King Street and partly by land of said Connecticut River Railroad Company." Plea, *nul disseisin.* Trial in the Superior Court, without a jury, before *Dewey*, J., who allowed a bill of exceptions, in substance as follows.

The demandant, which was a corporation, produced in evidence a mortgage purporting to be signed by Anson Harrington and witnessed by one Sarah Harrington. Sarah Harrington was not called to prove the execution of the mortgage. The demandant proved that its president had made inquiry for her in Northampton and searched the county records, but had not found or learned of her. George Harrington, a witness for the demandant, testified that Sarah Harrington was living in the State of New York; that she had been at his house on a visit within three weeks, and had since returned home. The judge ruled that the execution of the deed might be proved by secondary evidence; and the tenant excepted. The demandant then called said George Harrington, who testified that he was the son of Anson Harrington, and had seen him write; that the signature to the mortgage looked like his father's, he thought it was his father's signature, but he had not seen him write or been written to by him for more than twenty years, (he had been dead fourteen years,) and that he would not swear that the signature was his. The demandant offered no evidence of

the handwriting or signature of Sarah Harrington.  The deed was then admitted in evidence.

It appeared that the mortgage was given on February 4, 1869, to secure a loan of $2,500, payable in one year, with semiannual interest at six per cent; that the rate of interest had been reduced to five per cent, and that the same had been paid to the present time, except the last two instalments, which were overdue.  The demandant offered in evidence a deed to the tenant of the land described in the mortgage, which deed contained an identical description of the locus, and also a recital that the grantee should assume and pay the mortgage; and also offered in evidence the deeds of two former owners of the land.  The description in these of the locus was, as to abuttals and boundaries, the same as that in the Harrington mortgage.  There was no evidence offered to show that the tenant had ever been in possession of any land bounded as in these deeds.  It was admitted by the demandant that no land of the Connecticut River Railroad had at any time abutted on or bounded the demanded premises, save as the railroad ran through the middle of the same and divided it.  Except as to the railroad, evidence was offered which tended to show that the abutters named in the writ were correct.  The demandant proved that a peaceable entry had been made in its behalf by its president upon the demanded premises.

It appeared that the demandant kept a record of its acts, but no evidence was offered of any action or vote taken or recorded by it in relation to the foreclosure of this or other mortgages by action at law, or any authority given the president to act for the corporation, except the following, passed at a meeting held on May 12, 1891 : " Voted that the President of the Trustees of the Smith Charities is hereby fully authorized to sign checks and drafts and do all business incident to the ordinary duties of the corporation."  The president, who was the only one of the trustees present at the trial, testified that he had been a trustee for several years ; that the amount due on the mortgage was $2,654.24 ; that he had brought the action ; that the other trustees knew of this, and had informally and individually authorized the suit ; that the president of the corporation is its general manager and chief executive officer of the business

of the corporation, which was principally to keep the fund invested in mortgages and other securities, and make the payments directed by the will of Oliver Smith; and that he had not known of the foreclosure of any other mortgage held by the corporation by bringing suit upon it.

No evidence was offered to show that the demandant had given notice to the tenant to vacate the demanded premises; and it was admitted that she had no notice.

The tenant asked the judge to rule as follows:

" 1. The demandant, three incorporated trustees who keep a record of its acts, does not show any legal action or vote warranting the bringing of this action or authorizing the president of the board to bring the same, and it cannot be maintained.

" 2. The demandant cannot maintain this action without previously giving to the tenant as mortgagor a reasonable notice to quit and deliver up the demanded premises.

" 3. The demandant, having elected its remedy by making a peaceable entry upon the premises, had no right to maintain this action after such entry and before foreclosure thereunder.

" 4. There was a material variance between the allegation and description of the land in the demandant's count and the proof offered in support thereof.

" 5. The demandant's evidence did not disclose that sufficient and adequate inquiry had been made or sufficient means taken to procure the attendance or evidence of the attesting witness to the Anson Harrington mortgage, and, upon such evidence as was offered, secondary evidence of his signature could not be offered.

" 6. The execution of the Anson Harrington mortgage was not proved."

The judge refused so to rule; ruled that, upon the foregoing evidence, the action could be maintained; and found for the demandant in the sum of $2,654.24, and ordered conditional judgment therefor. The tenant alleged exceptions.

*C. G. Delano*, for the tenant.

*J. C. Hammond*, (*H. P. Field* with him,) for the demandant.

MORTON, J. 1. It appears from the exceptions that the president of the plaintiff corporation directed this suit to be brought, and that he was the general manager and chief executive officer of the corporation, the business of which was

principally to keep the fund invested in mortgages and other securities. It is clear that the tenant's request for a ruling that the president was not authorized to bring the suit, and that the action could not therefore be maintained, was rightly denied. *Bristol County Savings Bank* v. *Keavy*, 128 Mass. 298.

2. There is nothing in the statutes relating to the foreclosure of mortgages which prevents the mortgagee from pursuing concurrently or successively all his remedies, and it is plain that he may do so. Pub. Sts. c. 181. *Gilman* v. *Illinois & Mississippi Telegraph Co.* 91 U. S. 603. A mortgagee who has entered to foreclose may also sell under the power. *Montague* v. *Dawes*, 12 Allen, 397. One who has brought suit on the note may also enter to foreclose. *Burtis* v. *Bradford*, 122 Mass. 129, and cases cited. See also *Heburn* v. *Warner*, 112 Mass. 271. There is no more difficulty in holding that one who has entered to foreclose, and duly filed a certificate thereof, may also bring suit to foreclose and have a conditional judgment. In an ordinary writ of entry the tenant may set up as a defence that the demandant has actual and peaceable possession. But that does not apply in proceedings to foreclose a mortgage. *Merriam* v. *Merriam*, 6 Cush. 91. Of course the mortgagee can have but one satisfaction of his debt.

3. It was competent for the court to find as a fact that the attesting witness lived out of the State, and that being so, the ruling that the execution of the deed might be proved directly by secondary evidence was according to decisions of this court. *Valentine* v. *Piper*, 22 Pick. 85, 90. *Gelott* v. *Goodspeed*, 8 Cush. 411. *Clark* v. *Houghton*, 12 Gray, 38.

4. Even if the boundaries on the railroad were erroneous, enough remained by which to locate the land, and the identity of the tract demanded with that described in the mortgage was for the court.

5. The demandant was not obliged to give the tenant notice to quit before commencing this action. *Smith* v. *Johns*, 3 Gray, 517, 519.

6. The court found that the tenant had disseised the demandant, and there is nothing to show that the finding was erroneous.

The motion for double costs is denied.

*Exceptions overruled.*