**MENTZEL v. DIAMOND et al. (INTERNATIONAL ASS'N OF STRUCTURAL AND ORNAMENTAL IRON WORKERS, SHOPMEN'S LOCAL NO. 545, Interveners).**

No. 9537.

Circuit Court of Appeals, Third Circuit.

Argued March 4, 1948.

Decided March 16, 1948.

Edward V. Ryan, Asst. U. S. Atty., of Newark, N. J. (Edgar H. Rossbach, U. S. Atty., of Newark, N. J., on the brief), for petitioner-appellant.

Donald C. Fox, of Newark, N. J., for intervenors.

. Before BIGGS, MARIS, and GOOD-RICH, Circuit Judges.

GOODRICH, Circuit Judge.

The plaintiff in this case is a veteran who is claiming rights under Section 8 of the Selective Training and Service Act of 1940, as amended. 50 U.S.C.A.Appendix, § 308. There is no dispute in the essential facts.[1] It involves only one question of law.

The veteran was employed by the defendant prior to his induction into the United States Army on February 17, 1943. Following his period of service and honorable discharge he was, upon application, reinstated in his employment on October 22, 1945. In 1946 he received one week's vacation with pay. He says that he was entitled to two weeks. The difference between the one week for which he was paid and the additional week for which he claims he should have been paid is the immediate amount at stake in this case. That amount is $46.

While the veteran was in the Army an association, of which the employer is a member, entered into a contract with the Union which was evidently the bargaining agent for the employees.[2] This contract, of course, binds the employer and there is no suggestion that it does not. The point on which this case turns has to do with the language of Section 4(a) of that contract. It provides: "Employees shall receive vacations of one week with pay after one year's service; vacations of two weeks with pay after five years of service. * * *"

If Mentzel is entitled to count the period from the beginning of his employment with the Company, including the time he spent in the Army, as "service" he was entitled to two weeks vacation with pay in 1946. If he is not entitled to count the time spent in the Army as "service" with the employer under the terms of this contract, he has received, in his one week's vacation with pay, all that he is entitled to. The latter is the position taken by the learned District Court and upon that basis he gave judgment for the defendant.

The precise point seems to be new in this Circuit and elsewhere. But we think that the principle on which our own previously decided cases has been rested is sufficient to show what we think should be the answer here. In Gauweiler v. Elastic Stop Nut Corporation, 3 Cir., 1947, 162 F.2d 448, we examined the decisions of the Supreme Court in Fishgold v. Sullivan Drydock & Repair Corp., 1946, 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230, 167 A.L.R. 110, and Trailmobile Co. v. Whirls, 1947, 331 U.S. 40, 67 S.Ct. 982. We concluded that the analysis of the Supreme Court meant "that

---

[1] The veteran's recollection and his employer's records disagree as to whether the employment began in January, 1941, or September, 1940. This difference is immaterial, as will appear in the discussion. If the veteran is right in his legal contention he is entitled to recover what he claims, regardless of which date is the beginning of his employment.

[2] No question is raised about the right of the Union to represent the men.

what the Act gives to the veteran is the right not to lose his position or seniority by virtue of his absence in military or naval service. He is protected, while away, to the same extent as if he had been either continuously on the job in the plant or away on furlough or leave of absence for some personal reason." At page 451 of 162 F.2d. We held in that case that the veteran took subject to the contract made by the bargaining Union and the Company in his absence which had to do with seniority for Union officials. By the same token, quite clearly, the veteran is entitled to benefits accruing in his absence.

Again, in MacLaughlin v. Union Switch and Signal Company, 3 Cir., 1948, 166 F.2d 46, 48, we said: " * * * we can see no reason why the protection of the Selective Training and Service Act of 1940 in appropriate cases should not embrace vacation rights which the employee has earned and would have received as a matter of course but for his induction. * * * the statute was intended to place veterans on the precise point of the vacation escalator which they would have occupied had they kept their positions continuously during the war * * * ."

The statements quoted are not dicta, but enunciate the principle back of our decisions in the two cases cited. We thought then, and we think now, that the enunciation of the principle is in accordance with that given by the Supreme Court in the Fishgold and Trailmobile cases.

The application here is simple. The veteran is to be treated, so far as benefits under the Act are concerned, as though he had worked every day at the plant. He steps back on the escalator, when discharged from service, at the point where he would have been had he never donned the uniform. That being so, he is entitled to whatever vacation rights would have accrued to him had he not shouldered a gun and gone off to war. In this case, under the contract, it would have been two weeks for 1946. He was paid for one, he is entitled to be paid for the other.

The judgment of the District Court will be reversed and the case remanded with directions to enter judgment for the plaintiff for the amount sued upon and costs.