## TURNER v. UNITED STATES GYPSUM CO. et al.

### Civ. No. 27698.

United States District Court
N. D. Ohio, E. D.
May 23, 1951.

**546**

Joseph O'Leary, Akron, Ohio, for plaintiff.

Luther Day, Seth C. Taft, Cleveland, Ohio, Charles M. Price, Robert C. Keck and MacLeish, Spray, Price & Underwood, Chicago, Ill., for United States Gypsum Co.

D. Rusk Haverfield, Cleveland, Ohio, Fredric H. Stafford, Jr., John B. Robinson and Robert Koch, Chicago, Ill., for Celotex Corp.

JONES, Chief Judge:

This is an anti-trust action brought under favor of 15 U.S.C.A. § 15, to recover treble damages. Defendants move the court for dismissal for failure to state a claim upon which relief can be granted. The grounds for the motion are: (1) failure to allege any restraint on interstate commerce, (2) failure to allege any injury resulting from acts of the defendants in restraining interstate commerce, (3) remoteness of any injury to plaintiff from the alleged conspiracy, and (4) general inadequacy of the allegations in that they are too general.

■ Rule 8(a)(2), Fed.Rules Civ.Proc. 28 U.S.C.A., requires "a short and plain statement of the claim showing that the pleader is entitled to relief". In general, the rule implies that there be sufficient detail so that the adverse party has fair notice of the claim and the court can see that there is some legal basis for recovery. See Moore's Fed.Practice, 2nd Edition, Section 8.13. The complaint seems to meet this standard.

■ The courts have generally taken the position "that a motion to dismiss for failure to state a claim should not be granted unless it appears to a cerainty that the plaintiff would be entitled to no relief under any state of the facts which could be proved in support of his claim". Moore, id., at page 1653.

■ In paragraph 5 of the complaint, plaintiff alleges a violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1, 2, largely by way of conclusion. In particular, he does not allege facts which show that the restraint was a restraint of interstate commerce. However, it clearly appears that plaintiff has admissible evidence under 15 U.S.C.A. § 16, to support his allegation. Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 71 S.Ct. 408. No useful purpose would be served by requiring him to amend his complaint with respect to this allegation.

■ Contrary to defendants' second contention, the plaintiff does allege on injury from acts of the defendants affecting interstate commerce. In paragraph 5 of the complaint, plaintiff alleges a conspiracy to fix prices in violation of the Sherman Act, effected at least in part, by "an all-rail shipment basing point system" and by "prohibition of the use of dealer trucks". In paragraph 4, he alleges damage to his business resulting from these specific practices. It is admitted that plaintiff was engaged solely in intrastate business. However, unreasonable restraint of purely local business is condemned by the Act where it is "an inseparable element of a larger program (of restraint of trade) dependent for its success upon activity which affects commerce between the states". United States v. Frankfort Distilleries, 324 U.S. 293, 65 S. Ct. 661, 663, 89 L.Ed. 951; Mandeville Island Farms, Ind. v. American Crystal Sugar Co., 334 U.S. 219, 68 S.Ct. 996, 92 L.Ed. 1328.

■■ I am unable to agree with defendants' third contention "that plaintiff is, as a matter of law, too remote from the alleged conspiracy of the defendants to have sustained actionable injury under the Sherman Act". It has already been pointed out what plaintiff avers to be the connection between the alleged price-fixing activity of defendants, and the alleged loss of trucking business to him. In view of the findings in the case of United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746, the court cannot, as a matter of law, resolve this issue in favor of the defendants. The protection of the Sherman Act is not limited to those who are in direct competition, or who have direct dealings with the defendant. Mandeville Island Farms, Inc., v. American Crystal Sugar Co., supra.

The plaintiff's averment of damage is sufficient. Defendants' fourth contention in its other aspects has already been disposed of. Motion denied.