## RYDBERG v. GREAT NORTHERN RY. CO.
## BOROTZ v. GREAT NORTHERN RY. CO.

### Civ. Nos. 2051, 2052.

United States District Court
D. Minnesota, Third Division.

Dec. 13, 1951.

H. V. Rhedin, St. Paul, Minn., for the defendant.

Howard H. Gelb, Asst. U. S. Atty., St. Paul, Minn., for the plaintiffs.

DONOVAN, District Judge.

Plaintiffs seek money judgment for vacation rights under the Selective Training and Service Act of 1940.[1] The motion to dismiss in each case is made on the ground that the complaint fails to state a claim upon which relief can be granted. The pleadings and motions warranted consolidation. The motions are based on Rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A.

Counsel for each party filed briefs and argued orally. Defendant, in support of the motions, contends the relief sought by plaintiffs is not within the purview of said Act, citing cases.[2] Plaintiffs, opposing the motions, marshalled respectable authority in support of the cause of action outlined in the complaints.[3]

The court's attention has not been directed to any pertinent decision by the Court of Appeals of the Eighth Circuit, and the court has found none. The difference in the conclusions arrived at in the Second and Third Circuits suggests an element of speculation as to what is the appropriate disposition of the question of vacation pay in the cases at bar. All doubts should be resolved with a thought to protecting the veteran, and as required by a liberal construction of the Act in question.[4]

1. 50 U.S.C.A.Appendix, § 308 (b) and (c).

2. Monticue v. Baltimore & O. R. Co., D. C., 91 F.Supp. 561; Brown v. Watt Car & Wheel Co., 6 Cir., 182 F.2d 570; Fishgold v. Sullivan Corp., 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230; Dwyer v. Crosby Co., 2 Cir., 167 F.2d 567; Siaskiewicz v. General Electric Co., 2 Cir., 166 F.2d 463.

3. Mentzel v. Diamond et al., 3 Cir., 167 F.2d 299; MacLaughlin v. Union Switch & Signal Co., 3 Cir., 166 F.2d 46.

4. Fishgold v. Sullivan Corp., supra; Karas v. Klein et al., D.C., 70 F.Supp. 469.

Motions to dismiss should not be granted unless it appears to a certainty that plaintiffs would be entitled to no relief under any state of facts in support of the claim set forth in the complaints.[5] Thoughtful consideration is convincing that the plaintiffs have stated a claim justifying recovery upon required proof. The motion to dismiss in each case is denied without prejudice to its renewal at trial.

It is so ordered.

5. Sparks v. England, 8 Cir., 113 F.2d 579; Turner v. United States Gypsum Co., D. C., 11 F.R.D. 545; R. O. Stenzel & Co. v. Department Store Package, etc., D.C., 11 F.R.D. 362.