Wallace R. SALECK, Plaintiff,

v.

GREAT NORTHERN RAILWAY COMPANY, a corporation, Defendant.

Civ. No. 3–67–130.

United States District Court
D. Minnesota,
Third Division.

Dec. 14, 1967.

## ORDER

MILES W. LORD, District Judge.

This matter comes before the Court upon the complaint of Wallace R. Saleck, against his employer, Great Northern Railway Company, alleging that he has been denied the full re-employment rights granted by the Universal Military Training and Service Act, 50 U.S.C.App. § 459. Mr. Saleck is represented by the United States District Attorney as provided in the Act. The facts are not in dispute and both parties have moved for summary judgment.

Mr. Saleck was originally employed by Great Northern on September 26, 1950. On December 21, 1950, he left his job with Great Northern for the purpose of performing military training and service in the Armed Forces of the United States. From January 9, 1951, to October 8, 1952, he served in the Armed Forces of the United States. He then returned to his position with Great Northern and has been continuously employed by Great Northern since that date.

Under the employment contract vacation benefits are dependent upon the years of "compensated service" rendered by the employee. In this case the amount of vacation benefits to which Mr. Saleck was entitled was computed without reference to the amount of time Mr. Saleck spent in military service. Great Northern contends that Mr. Saleck did not perform the requisite 133 days of compensated service in the years 1951 and 1952.

The relevant parts of the Universal Military Training and Service Act read as follows:

§ 459(b) In the case of any such person who, in order to perform such training and service, has left or leaves a position (other than a temporary position) in the employ of any employer and who (1) receives such certificate, and (2) makes application for reemployment within ninety days after he is relieved from such training and service or from hospitalization continuing after dis-

Roland J. Faricy, Asst. U. S. Atty., Minneapolis, Minn., Chas. Donahue, Sol. of Labor, Herman Grant, Regional Atty., Joanne H. Saunders, Atty., U. S. Dept. of Labor, for plaintiff.

J. R. Walker, St. Paul, Minn., for defendant.

charge for a period of not more than one year * * *

(A) * * *

(B) if such position was in the employ of a private employer, such person shall * * *

(i) if still qualified to perform the duties of such position, be restored by such employer or his successor in interest to such position or to a position of like seniority, status, and pay; * * *

(c) (1) Any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) [of this section] shall be considered as having been on furlough or leave of absence during his period of training and service in the armed forces, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces, and shall not be discharged from such position without cause within one year after such restoration.

(2) It is declared to be the sense of the Congress that any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) [of this section] should be so restored in such manner as to give him such status in his employment as he would have enjoyed if he had continued in such employment continuously from the time of his entering the armed forces until the time of his restoration to such employment.

The plaintiff relies on Section (c) (2) which sets out an "escalator principle" when it states that a position should be restored with "such status in his employment as he would have enjoyed if he had continued in such employment con-tinuously * * *". It is argued that Section (c) (1) requires that a position be restored "without loss of seniority" and that vacation benefits are among the perquisites of seniority.

The defendant points to Section (c) (1) and argues that vacation benefits are among the "other benefits" which are to be afforded to returning service-men according to the rules applicable to employees on furlough or leave of absence. In this case, defendant argues, since under the employment contract vacation benefits are determined by "compensated service," plaintiff would not be entitled to have his years in the military service used in computing vacation benefits.

Both parties agree that several District and Circuit Courts have ruled that the right to vacation does not fall within the escalator principle, for example, Dwyer v. Crosby Co., 167 F.2d 567 (2nd Cir. 1948). This has been the majority view, but some courts have reached contrary results. One example of this is Mentzel v. Diamond, 167 F.2d 299 (3rd Cir. 1948), although the employment contract there based vacation rights on "years of service".

In this District, there has been reluctance to rule that vacation benefits do not come within the escalator principle. In Rydberg v. Great Northern Ry. Co., 12 F.R.D. 108 (D.C.1951), (D.Minn. 1951) Judge Donovan refused to grant a motion to dismiss by the railroad in a dispute over vacation benefits. Judge Donovan noted the cases cited above and stated:

The difference in the conclusions arrived at in the Second and Third Circuits suggests an element of speculation as to what is the appropriate disposition of the question of vacation pay in the cases at bar. All doubts should be resolved with a thought to protecting the veteran, and as required by a liberal construction of the Act in question.

A similar broad reading of the statute has been applied to veterans seeking other types of employment benefits.

Where it is clear that benefits accrued more or less automatically with seniority and without regard to experience or other qualifications, many courts have gone far in awarding such benefits. Moe v. Eastern Air Lines, Inc., 246 F.2d 215 (5 Cir. 1957), dealt with pay increases. Armstrong v. Tennessee Coal, Iron & Rwy. Co., 73 F.Supp. 329 (D.C.Ala. 1947), discussed this principle in relation to promotions.

The most important authority on this subject, however, is the recent pronouncement of the Supreme Court, Accardi v. Pennsylvania Railroad Co., 383 U.S. 225, 86 S.Ct. 768, 15 L.Ed.2d 717 (1966). That case dealt with the computation of severance pay rather than vacation benefits. The broad reading given the Act, however, is important. The court there relied heavily on (c) (2) (the escalator clause section) and stated:

> The term "seniority" is not to be limited by a narrow, technical definition but must be given a meaning that is consonant with the intention of Congress as expressed in the 1940 Act. That intention was to preserve for the returning veterans the rights and benefits which would have automatically accrued to them had they remained in private employment rather than responding to the call of their country.

In passing, the court dealt with the (c) (1) clause which deals with insurance and "other benefits". The court there noted the persuasiveness of the Government's position that the purpose of (c) (1) was to entitle employees in military service, *while in the service*, the same benefits accorded employees not in the service. The court concluded: "Without attempting in this case to determine the exact scope of this provision of § 8(c) it is enough to say that we consider that it was intended to add certain protections to the veteran and not to take away those which are granted him by § 8(b) (B) and the other clauses of § 8(c)."

Despite the broad reading of the term "seniority" and restricted use of the term "other benefits" by the Supreme Court, one court has recently held that vacation benefits do not come within the "escalator clause". Magma Copper Co. v. Eagar, 380 F.2d 318 (9 Cir. 1966), rehearing denied (1967). Although the original opinion in that case came down after the *Accardi* case, it is clear that the court was not yet aware of the decision. Later a panel decided two-to-one, to deny a rehearing. The per curiam decision rests solely on the dissimilarity of the benefits there involved to the benefits involved in *Accardi*.

The facts in *Magma* might be distinguished from those in the instant case. *Magma* concerned veterans who were claiming vacation pay and holiday pay for a year, part of which was actually spent in military service. This might be distinguished from a situation where veterans ask only that the time spent in the military service be included in the computation of vacation benefits. At any rate, that case disregards the broad language of the *Accardi* opinion and conflicts in spirit with cases already decided in this District. See Rydberg v. Great Northern Ry. Co., 12 F.R.D. 108 (D. Minn.1951).

It is the opinion of this Court that the vacation benefits come within the term "seniority" in the Act and within the principle of the escalator clause. Under the union contract these benefits depend on the number of years in which 133 days of compensated service is rendered. The Court is required, however, to look past the labels and definitions made in the contract and consider the real nature of the benefit involved. Accardi v. Pennsylvania Ry. Co., supra; Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230 (1946). It appears to this Court that vacation benefits, like severance pay, are benefits bestowed in reward for length of service and in consideration for the growing commitment an employee makes to his job by the length of that service.

For the reasons given, the motion for summary judgment by the plaintiff is hereby granted and the motion for summary judgment by the defendant is hereby denied.