Henry J. HOFFMAN, Jr., Plaintiff,

v.

BETHLEHEM STEEL CORPORATION, Defendant.

Civ. A. No. 70-197.

United States District Court,
W. D. Pennsylvania.

Jan. 4, 1972.

Sidney Salkin, U. S. Dept. of Labor, Philadelphia, Pa., Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, District Judge:

This civil non-jury proceeding has been brought by plaintiff to compel defendant to grant him Supplemental Unemployment Benefits (SUB) pursuant to § 9(d) of the Selective Service Act of 1967 (the Act), 50 U.S.C.A. § 459(d).

The issue posed by this case is whether plaintiff, a returning veteran, should be given SUB credits for the period of his military service. There are no basic disputes as to the facts. Plaintiff was initially employed by defendant on May 3, 1966 in a position which was not temporary. On July 29, 1966 plaintiff was granted a military leave of absence, having been inducted into the armed forces effective August 4, 1966. When plaintiff was honorably discharged on August 2, 1968, he made a timely application for reemployment with defendant and was reinstated to his former position on August 6, 1968. Shortly thereafter plaintiff was placed on layoff status, was recalled for the period of September 3 through September 7 and was once again laid off for almost all of the remainder of the year. As of September 7, 1968, plaintiff had been credited with 7½ SUB credit units, which accrue at the rate of ½ credit for each 40 hours worked, and are "used up" at the rate of one credit unit per week of layoff.

The SUB plan, which is designed to provide weekly benefits to augment state unemployment benefits, was established by a collective bargaining agreement between defendant and the United Steelworkers of America dated July 1, 1962. Under this plan the number of weeks for which a covered employee receives benefits depends on the number of SUB credit units. It should be emphasized that these SUB benefits are not wages

earned and later paid out, but rather are much like insurance paid for and funded by defendant to serve as a buffer against the economic burden of unemployment. The SUB plan is funded by defendant on the basis of "all hours actually worked for the company by employees covered by the Plan." See definition of Contributory Hours in § 11 of the Plan.

Plaintiff contends that he should have been given SUB credit units during the period of his military service. His position is that this benefit is a perquisite of seniority. It is clear, however, that these benefits accrue based on hours worked, with ½ credit unit being given for every 40 hours worked. It is in this way that employees junior to plaintiff were able to accumulate a greater number of SUB credit units than he. The SUB credits clearly do not build up automatically with the passage of time.

While the Act is to be liberally construed for the benefit of veterans such as plaintiff and no collective bargaining agreement can cut down the rights of returning veterans, it is the considered judgment of this Court that plaintiff is not entitled to any additional SUB credit units under the Act. Fishgold v. Sullivan Drydock & Repair Corporation, 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230 (1946). For the period of his military service, plaintiff is entitled to be treated for purposes of benefits under the SUB plan exactly as a person on furlough or leave of absence. Mentzel v. Diamond, 167 F.2d 299 (3d Cir. 1948). But this is exactly how he has been treated. Anyone on leave of absence would also not be entitled to accrue SUB credit units under the SUB plan. Thus, the SUB plan does not relegate plaintiff to an inferior seniority status because it specifically excludes a person while in the military from accruing credit unit—§ 9.2 of the SUB plan places a person on military leave on exactly the same footing as any other person on leave of absence. Plaintiff has not lost any seniority or status as a result of this treatment. Thus, consistent with § 459(c) (1) of the Act, plaintiff has been afforded the right to participate in benefits offered by defendant in accordance with rules applicable to furloughed employees or those on leave of absence in effect at the time of his induction.

Plaintiff relies on Accardi v. Pennsylvania Railroad Co., 383 U.S. 225, 86 S. Ct. 768, 15 L.Ed.2d 717 (1966) and Eagar v. Magma Copper Co., 389 U.S. 323, 88 S.Ct. 503, 19 L.Ed.2d 557 (1967) to sustain his position. These cases require that veterans are not disadvantaged because of their military service and that they are accorded all rights which would automatically accrue to them. But these cases are not controlling here, since SUB credits do not accrue automatically with the passage of time. As noted in Kasmeier v. Chicago, Rock Island & Pacific Railroad Company, 437 F.2d 151 (10th Cir. 1971), a distinction must be drawn between rights which accrue automatically and those in which some further act is required. Here it is clear that SUB benefits must be accrued based on hours worked or, as spelled out in § 2c.(1) and (2) of the SUB Plan, based on a disability or service as a union representative. SUB credits accrued in the latter two categories in no way place plaintiff at a disadvantage since these policies existed at the time of his induction and thus are consistent with § 459(c) (1) of the Act as noted above.

Accordingly, it is the considered judgment of this Court that plaintiff should not receive any additional SUB credit units; such credits are not, in the opinion of this court, "perquisites of seniority."

Findings of fact and conclusions of law have not been separately stated, but are contained in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.