**TRIANGLE CONDUIT & CABLE CO., Inc., v. NATIONAL ELECTRIC PRODUCTS CORPORATION.**

No. 8868.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 8, 1945.

Decided Nov. 30, 1945.

Samuel E. Darby, Jr., of New York City (Southerland, Berl & Potter, of Wilmington, Del., and Floyd H. Crews, of New York City, on the brief), for appellant.

John Hoxie, of New York City (Marvel & Morford, of Wilmington, Del., and George E. Faithfull, of New York City, on the brief), for appellee.

Before MARIS, GOODRICH, and Mc-LAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit Judge.

This appeal involves a suit under the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note, and Clayton Act, 15 U.S.C.A. § 12 et seq.,

in which summary judgment was entered in the District Court in favor of the defendant.

Plaintiff manufactures armored cable. In that process, where the steel armor of the cable is cut off to expose the ends of the interior wires for the purpose of making connections, a fiber insulating bushing is inserted at each terminal to protect the wires from the sharp edges of the cut armor. Prior to 1937 plaintiff had purchased such bushings from an outside source. Early in 1937 it was no longer able to do this and therefore was forced to obtain its bushing requirements from the defendant or, as alleged in its amended complaint, "to acquire equipment necessary for and to engage in the manufacture of the bushings." Plaintiff asserts and for present purposes it may be accepted as a fact, that the defendant refused to sell bushings to armored cable manufacturers unless such manufacturers acquired licenses under alleged patent rights of the defendant which required payment to the defendant of royalties on all armored cable manufactured and sold. Plaintiff then states in Paragraph 10 of its amended complaint:

"Plaintiff refused to acquire such a license; and, therefore, in about February 1937, invested large sums of money to acquire, install and operate the necessary machinery to manufacture its own bushings, being further encouraged so to do by the potential market for its bushings for all manufacturers of armored cable."

Plaintiff frankly states that it is barred by the statute of limitations as to its expense in designing, building and installing equipment for the manufacture of bushings and that its only claim for damage at this time is based upon the contention that it has been excluded from the "potential market" for its bushings. That market is represented by the defendant's licensees who, because of their agreements with the defendant, were prevented from acquiring bushings from any one other than the defendant. It is urged that such exclusion continued up to the filing of the complaint and therefore, was not barred by the statute of limitations. It is also admitted for the purposes of this appeal that plaintiff's machine for making bushings has a production capacity barely sufficient to supply plaintiff's own needs, so that one or more duplications of the machine would be necessary in order to supply the trade.

The foundation of the action as it stands is Section 4 of the Clayton Act. 15 U.S.C.A. § 15. That section provides that where any person is injured in his business or property by reason of anything forbidden in the anti-trust laws he may sue and recover treble damages. Under it, our concern is with the question of the alleged exclusion of plaintiff from selling its bushings in the so-called "potential market." As to this, the amended complaint and the depositions are barren of any indication of even intention on the part of the plaintiff to manufacture bushings for said market. The above quoted Paragraph 10 expressly states that plaintiff acquired, installed and operated the necessary machinery to manufacture its own bushings. The sole hint as to possible outside business is in the last clause of that paragraph reading: " * * * being further encouraged so to do by the potential market for its bushings for all manufacturers of armored cable." The depositions of the president and vice president of the plaintiff company and of the person in charge of plaintiff's cost department, go no further than this. It is obvious from their testimony that plaintiff never suggested or attempted entering into the business of selling its bushings to outsiders. The one machine it had, though operated twenty-four hours a day, seven days of the week, barely turned out enough bushings for its own needs. There is nothing to indicate that the plaintiff made any preparatory step whatsoever towards going into a general bushing manufacturing business. The section of the anti-trust laws above referred to has the limited purpose of affording compensation to those who have at least the intention and preparedness of engaging in a designated business and who are actually injured in their business or property by an unlawful act. The situation of such plaintiff must be different from that of the general public.

The appellant suggests that the primary point on this appeal is whether it has sustained provable losses, i. e., whether its damages are too speculative. This skips over the fundamental question involving the plaintiff's intent and preparation for entrance into the bushing business. The plaintiff designed and perfected its machine in order to manufacture its own bushings and that is just what it has been doing ever since that time. At most an anti-trust violation has been pre-

sented with no injury to plaintiff by reason thereof. Therefore citation of such cases as Straus v. Victor Talking Machine Co., 2 Cir., 297 F. 791, and Rankin Co. v. Associated Bill Posters, 2 Cir., 42 F.2d 152, which are premised on a wrong done the plaintiff, are of no help in the present situation. In the Rankin case for example, it was conceded that plaintiff's business had been seriously curtailed by the defendants. It is not vital under the statute to aver an injury to a specific going business but as said in the leading and controlling decision of American Banana Co. v. United Fruit Co., 2 Cir., 166 F. 261, at page 264: "* * * it is necessary to state facts showing an intention and preparedness to engage in business." Plaintiff does not meet that test in its amended complaint or in the testimony of its officers and cost executive. The judgment of the District Court must therefore be affirmed.