**BROWNLEE v. MALCO THEATRES, Inc. et al.**

**Civ. No. 963.**

United States District Court
W. D. Arkansas, Fort Smith Division.

Aug. 23, 1951.

Paul Gutensohn (of Gutensohn & Ragon), Fort Smith, Ark., for plaintiff.

Lem C. Bryan, Fort Smith, Ark., for defendants, Malco Theatres, Inc. and Malco Realty Corp.

Jack Daily (of Daily & Woods), Ft. Smith, Ark., for defendant, Tenarken Paramount Corp.

JOHN E. MILLER, District Judge.

The questions before the court arise on the motion of defendant, Tenarken Paramount Corporation, to dismiss, and motions of defendants, Malco Theatres, Inc., and Malco Realty Corporation, to dismiss.

The contentions of the parties have been presented on written briefs and oral argument.

The basis of each of the motions of these defendants is that the complaint does not state a claim against them. In addition to the motion to dismiss for failure to state a claim, each of these defendants seeks to strike portions of the complaint.

The motions to dismiss for failure to state a claim challenge the sufficiency of the complaint and raise the question whether a claim against the defendants is stated.

In considering the motions the court must accept as true the allegations of the complaint constituting the alleged cause of action and damages suffered by the plaintiff by reason or on account of the acts alleged to have been committed by the defendants, and if the allegations of ultimate facts would justify a recovery, then the motions should be overruled. The courts recognize the difficulty in actions of this character in setting forth in precise detail the acts which constitute alleged violations of the anti-trust laws, and in

view of the provisions of Rule 8(a), Federal Rules of Civil Procedure, 28 U.S.C.A., it is not necessary to set out in detail the acts complained of, nor, the circumstances from which the pleader draws his conclusions that violations of the Acts of Congress have occurred and the pleader has been damaged. Louisiana Farmers Protective Union, Inc., v. Great Atlantic & Pacific Tea Co. of America, Inc., et al., 8 Cir., 131 F.2d 419.

In determining the sufficiency of a complaint in a case of this kind the plaintiff must be given liberal latitude in the pleadings, since it is inherent in such action that all of the details and specific facts relied upon cannot properly be set forth as part of the pleadings.

Sec. 1, Title 15 U.S.C.A. provides: "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal".

Sec. 15, supra, provides: "Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

Sec. 16, supra, provides that any final judgment or decree rendered in any criminal prosecution or any suit in equity brought by the United States under the anti-trust laws which holds in effect that a defendant has violated said laws shall be prima facie evidence against said defendant in any suit or proceeding brought by any other party against such defendant under said laws as to all matters respecting which said decree would be an estoppel as between the parties thereto.

Briefly stated the complaint in paragraph 1 alleges the legal status of the defendants and the character of the business in which they are engaged.

Paragraph 2 alleges that the jurisdiction of this court is invoked under the various provisions of the anti-trust laws.

Paragraph 3 alleges that Paramount Pictures, Inc., and the defendant, Malco Theatres, Inc., had prior to the institution of the suit engaged in a combination in restraint of trade by entering into a partnership for the operation of theatres in Fort Smith, Arkansas, and other places; that in a suit brought by the United States in the United States District Court for the Southern District of New York against the said Paramount Pictures, Inc., a decree was entered apparently based upon a statement of the Paramount Pictures, Inc., that in order to prevent discrimination against other exhibitors and distributors of motion pictures and for the purpose of promoting substantial independent theatre competition for the Paramount theatres and in order to promote competition in the distribution and exhibition of films generally that it was willing to have the court direct, and the court did direct, it to sever its relationship with the defendant, Malco Theatres, Inc. At that time the theatres in Fort Smith in which Paramount Pictures, Inc., and the defendant, Malco Theatres, Inc., were jointly interested were Hoyt's, Fort, Uptown, Temple, Plaza, New and Joie. The plaintiff further alleges that the consent judgment enjoined Paramount "from making or enforcing any agreement which restricts the right of any other exhibitor to acquire a motion picture theatre." In the division of the property of the defendant, Malco Theatres, Inc., and the said Paramount Pictures, Inc., Paramount obtained the Joie and Hoyt's Theatres, while the defendant, Malco Theatres, Inc., obtained the New, Plaza, Fort and Uptown.

In Paragraph 4 the plaintiff alleges that prior to the filing of the complaint, which was filed June 9, 1951, he had been employed by the defendant, Malco Theatres, Inc., Paramount Theatres, Inc., and Tenarken Paramount Theatres, Inc., as manager and operator of its theatres, presumably in Fort Smith, Arkansas; that on July 16, 1950, plaintiff entered into negotiations with certain representatives of the defend-

ant, Tenarken Paramount Corporation, for the purchase of Hoyt's Theatre and that he continued his negotiations for the purchase of said theatre until and after he was relieved of his employment as manager of the Joie and Hoyt's Theatres. On January 20, 1951, he was discharged from his employment by a representative of the defendant, Tenarken Paramount Corporation, and that said representative advised him at that time that Hoyt's Theatre was for sale and that he believed the plaintiff might be able to purchase it; that during the pendency of the negotiations the defendants, Malco Theatres, Inc., and Malco Realty Corporation, learned of the negotiations between the plaintiff and the defendant, Tenarken Paramount Corporation, and thereupon induced the defendant, Tenarken Paramount Corporation to sell to them the said Hoyt's Theatre on the promise that the said Hoyt's Theatre would be closed and thereby withdrawn from competition with the other theatres owned by the defendants in Fort Smith; that later the Hoyt's Theatre was reopened and plaintiff alleges that it was reopened because it was learned by the defendants that the plaintiff intended to file this suit. Plaintiff further alleges that the sale and purchase of the said Hoyt's Theatre was contrary to the express provisions of the consent decree referred to by the plaintiff and that the defendants conspired in the sale of the said theatre to discriminate against this plaintiff from promoting substantial independent theatre competition for Paramount theatres; and that the acts of the defendants in entering into the contract for the sale of Hoyt's Theatre shows a combination in the form of a trust and conspiracy in restraint of trade and commerce, and that by reason of the wrongful and unlawful acts of the defendants herein in conspiring to keep the plaintiff, Ollie Brownlee, from the purchase of the said Hoyt's Theatre he has been damaged in the sum of $50,000.

The defendants contend in support of their motions to dismiss that the complaint does not state any facts showing that they were engaged in interstate commerce or that the acts complained of were in restraint of interstate commerce, and that

the plaintiff has suffered damage to his property or business by reason of any violation of the anti-trust laws by defendants.

■ It is true that the ownership of realty does not constitute interstate business, and the Supreme Court said in United States v. Crescent Amusement Co., 323 U.S. 173, 183, 65 S.Ct. 254, 259, 89 L.Ed. 160, that, "The showing of motion pictures is of course a local affair." It may be that the operation of a motion picture theatre in itself is intrastate commerce and not subject to regulation as interstate commerce, but the complaint alleges that the sale of Hoyt's Theatre was made to the other defendants by defendant, Tenarken Paramount Corporation, as the result of a conspiracy to discriminate against the plaintiff from promoting substantial independent theatre competition for Paramount theatres.

■ Notwithstanding this allegation the defendants contend that the sale could not have the effect of interfering with commerce within the purview of the anti-trust laws, and that even though the sale was made for the purpose of "commercializing" the building the effect on commerce would be insignificant and incidental. To sustain this contention the defendants cite Cincinnati, Portsmouth, Big Sandy and Pomeroy Packet Company v. Bay, 200 U.S. 179, 26 S.Ct. 208, 50 L.Ed. 428; Standard Oil Co. of New Jersey v. United States, 221 U.S. 1–66, 31 S.Ct. 502, 55 L.Ed. 619; and Goldberg v. Tri-State Theatre Corporation, 8 Cir., 126 F.2d 26. The court has read these decisions but in view of the allegations of the complaint, cannot agree that it should hold as a matter of law that the allegations are insufficient to support the introduction of testimony that might show a restraint of commerce, but it is not necessary to determine at this time the quality of testimony that would be necessary to sustain such allegations.

■ The determination of the question whether plaintiff has alleged facts which give him, as an individual, the right to maintain this suit under the provisions of Sec. 15 is important and should be considered. The right to maintain a suit of

this nature is predicated upon the fact that the forbidden act injured the plaintiff in his business or property.

Allegations of the complaint disclose that the plaintiff, at the time the alleged forbidden acts were committed, was not an exhibitor of motion picture films and was not engaged in the operation of a motion picture theatre. He had for more than 30 years been an employee of firms and corporations that were engaged in such business and after his discharge from his employment by the defendant, Tenarken Paramount Corporation, was without employment and was not engaged in business of any kind. At the time he was discharged as manager of the theatres that were being operated by the said defendant he was negotiating with said defendant for the purchase of Hoyt's Theatre in Fort Smith, but before the negotiations were completed and before a valid contract for the sale and purchase of said theatre was entered into the theatre was sold to the defendant, Malco Realty Corporation, and it is this act of which the plaintiff complains and which he alleges as the basis of his claim for damages.

The plaintiff does not and apparently cannot allege that he ever acquired any vested rights in Hoyt's Theatre or a right to enforce specific performance and to compel a conveyance of the same to him. Giving to the complaint the most favorable construction in favor of the statement of a cause of action it merely reveals that the plaintiff desired to buy the property but did not complete his negotiations for it and that it was sold by one of the defendants to another of the defendants before he succeeded in acquiring any rights in regard to or interest in the property.

The plaintiff contends that his cause of action is not dependent upon any contractual relationship between him and the defendants. That contention is sound, because the right of action of the plaintiff, if any, is founded upon the tort of the defendant and not upon the violation of any contract.

■ As stated by Judge Gardner in the case of Clark Oil Co. v. Phillips Petroleum Co., 8 Cir., 148 F.2d 580, 582, the rule in that respect is as follows: "Under the Clayton Act the right is not confined to persons in privity with the wrongdoer, but is given to anyone who has suffered injury to his business or property by reason of the wrongful acts. Under this law a civil action may be maintained for 'threefold the damages by him sustained.'"

This is the rule that was applied by Judge Learned Hand in the case of Vines v. General Outdoor Advertising Co., 2 Cir., 171 F.2d 487, in which he stated, at page 491: "We cannot deny the plaintiff an opportunity to prove that the defendant would have allowed him to continue to be the solicitor of the Liebmann Breweries, if it had not transferred the account to Outdoor Advertising Co., Inc.; or to prove that that transfer was in pursuance of an unlawful agreement between the two companies. If he should succeed on both issues, it would be no defense that the defendant was not bound to him by contract not to take away assigned advertisers."

This rule is universal and has been approved by the Supreme Court in many cases. See, Bigelow v. R.K.O. Radio Pictures, 327 U.S. 251, 66 S.Ct. 574, 90 L.Ed. 652, and cases therein cited and discussed.

However, in all the cases where this particular question has been discussed, the plaintiff was engaged in a business and allegedly was either prevented from continuing therein or from extending his business by the unlawful act on the part of the defendant and suffered damage to an established business in which he had a vested interest or which he had a right to continue and to expand without unlawful interference by the defendant.

Some opinions, such as Triangle Conduit & Cable Co., Inc., v. National Electric Products Corporation, 3 Cir., 152 F.2d 398, 399, contain statements to the effect that the anti-trust laws have the limited purpose of affording compensation to those that have at least the intent and preparedness of engaging in a designated business and who are actually injured in their business or property by an unlawful act. In all of such opinions you find the statement, "The situation of such plaintiff must be

different from that of the general public."

At the time the sale was consummated the plaintiff occupied the same position as the general public, and while it may be inferred from the complaint that had he been successful in the purchase of the theatre, he would have operated it in competition to other theatres being operated by the defendants, Malco Theatres, Inc., and Tenarken Paramount Corporation, and that he was prevented from consummating the purchase of the theatre building because of the conspiratorial agreement between said defendants and thus was prevented from entering the business as a competitor of the defendants. The complaint discloses that he never acquired any interest in the theatre and did not have any interest in any theatre, and the failure of his negotiations for the purchase of the theatre did not injure him in his business or property any more than it may have injured any member of the general public who might have been desirous of buying the property.

If the plaintiff can maintain this suit merely because he desired to buy the property and was unable to persuade the owner to sell him the property, then it would be possible for any citizen to maintain a similar suit who had discussed in any manner with any owner or his agent the possibility of buying a building suitable for the operation of a theatre, and that would be true regardless of the prior business or lack of business that the person was engaged in at the time he had the idea that he would like to purchase property and enter the show business.

■■■ The plaintiff must show and must allege facts that show actual pecuniary damage and a direct injury to his business or property by reason of the alleged unlawful act aside from the injury common to the general public.

The case of Beegle v. Thomson, 7 Cir., 138 F.2d 875, was a case where the plaintiff Beegle sought a recovery of damages in counts 1, 2, 3 and 4 for the alleged infringement of a patent, and in the 5th count the plaintiff sought recovery for injury arising from the defendant's alleged violation of the anti-trust laws. The court held that the defendant had not infringed the patent of the plaintiff and as to the claim asserted in Count 5 said, 138 F.2d at page 881 of the opinion: "Section 15, allowing private parties treble damages for injury accruing to their business from violation of the Anti-Trust Act, embraces, as one of the essentials to such action, injury to plaintiff's business. The complaint must affirmatively show this injury. It is not enough to allege something forbidden and claim damages resulting therefrom. Allegation of the specific injury suffered by plaintiff differing from that sustained by it as a member of the community is essential. The manner, nature, character and extent of the injury sustained and the facts from which injury accrues and upon which damages may be assessed as well as those with regard to the effect of the alleged violation upon plaintiff's business, must be pleaded. The mere existence of a violation is not sufficient ipso facto to support the action, for no party may properly seek to secure something from another without allegation and proof of facts demonstrating pecuniary loss springing from or consequent upon the unlawful act." See, also, the case of Twin Ports Oil Co. v. Pure Oil Co., 8 Cir., 119 F.2d 747.

■■■ Adverting to the part of the motions that seeks to strike certain allegations contained in the complaint relative to the decree of the United States District Court for the Southern District of New York, it appears to the court that it is not proper to plead the decree, because the basis of plaintiff's claim is not the decree but the violation on the part of the defendant of the anti-trust laws and the injury to his business or property by reason of such violations.

Since the affirmative allegations contained in the complaint fail to show an injury to the business or property of the plaintiff by reason of anything forbidden in the anti-trust laws, he is not entitled to maintain this suit. The allegations show that the injury received by plaintiff, if any, was the same as that received by the general public, and while the court does not desire to preclude the plaintiff from amend-

ing his complaint to show an injury to his business or property, yet, it seems that in view of these affirmative allegations it would be difficult for the plaintiff to now make the necessary allegations to show an injury to his business or property, and the motions should be sustained in accordance with the above, subject to the right of the plaintiff to amend his complaint against the defendants, Malco Theatres, Inc., Malco Realty Corporation and Tenarken Paramount Corporation, within 20 days, and if such an amendment is tendered it may be filed and further proceedings in accordance with the law will follow.