Barkey PELLER, Plaintiff,

v.

INTERNATIONAL BOXING CLUB, Inc.,
etc., et al., Defendants.

No. 52 C 813.

United States District Court
N. D. Illinois, E. D.

May 13, 1955.

Affirmed 227 F.2d 593.

Seymour F. Simon and Sheldon O. Collen, Simon & Collen, Chicago, Ill., and John W. Wilke, Cincinnati, Ohio, for plaintiff.

Charles H. Watson, Lowell H. Jacobson, and Peabody, Westbrook, Watson & Stephenson, Chicago, Ill., for International Boxing Club, Inc., Chicago Stadium Corp., James D. Norris, Arthur M. Wirtz and Truman K. Gibson, Jr.

J. Arthur Friedlund, Chicago, Ill., and Benjamin C. Milner, III, Simpson, Thacher & Bartlett, New York City, for International Boxing Club of N. Y., Inc.

Vincent D. McConnell, Chicago, Ill., for Ray Robinson, George Gainford, Rocky Graziano, and Irving Cohen.

KNOCH, District Judge.

Plaintiff filed his complaint under Sections 4 and 16 of the Clayton Act, 15 U.S.C.A. §§ 15, 26, to recover treble damages for alleged violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1, 2, and to restrain continuing violations. He charges that defendants acted in conspiracy to frustrate plaintiff's attempts at promotion of specific professional boxing matches and to prevent plaintiff from attaining the professional standing and reputation as a championship professional boxing promoter which he would have attained in a free competitive market.

The International Boxing Club of New York, Inc., a New York corporation, moved to dismiss the action on the ground of improper venue as to itself, as a foreign corporation not doing business in Illinois.

One defendant, Al Weill, was never served with process.

The remaining defendants moved for summary judgment in their favor on the ground that the facts alleged in the complaint itself, and in discovery depositions showed plaintiff not to be injured or damaged in his business or property by reason of the alleged unlawful acts of defendants, as it does not appear that plaintiff was either engaged in the business of Boxing Promoter or even that he was, as he contends, prepared to engage in that business and intended to do so.

Plaintiff's complaint and statements on deposition do show an intention to enter into and engage in the business of Boxing Promoter. However, it is uncontroverted that neither plaintiff, nor the Foundation For Boys, Inc., for whom plaintiff is alleged to have acted as agent, had ever been licensed as a Boxing Promoter; that the Rules of the Cincinnati Boxing and Wrestling Commission require a license to be procured from that Commission prior to participation in boxing; and that application was never made for such license by plaintiff or the Foundation For Boys, Inc.

It is plaintiff's contention that he was in process of negotiating contracts with boxers and their managers, had exchanged preliminary telegrams and long distance telephone calls, had made a trip to New York to discuss availability of one boxer, had prepared contracts for signature, had prepared to secure a passport and fly to Paris, France, for completion of arrangements, had discussed renting and was orally promised a baseball field for the event, had arranged to meet Walter Winchell to publicize the affair, was orally promised sponsorship and financing by an officer of the Foundation For Boys, Inc. although he admits that the same officer testified otherwise on deposition, explaining that such financing would have to be authorized by resolution of the Trustees and that no such authorization had been given in this case. On the contrary, according to the officer's deposition, after contracts with the two boxers had been made and after a sponsored television contract had been secured, with proceeds of about $200,000, as anticipated, the three contracts would have been presented to the trustees for approval, and, no expenditure by the Foundation being needed, the trustees would likely have approved sponsorship of the match and receipt of a share in the eventual profits.

Plaintiff feels that except for the intervention of defendants, he would have sold television and radio broadcasting rights and thus secured the approximately $110,000 needed to be posted as guarantees for the boxers in addition to funds for all other promotional financing needs which he was not then himself in a position to meet, and he would have then proceeded to stage a boxing bout in Cincinnati, at the ball field, under the sponsorship of the Cincinnati Foundation For Boys, Inc.

■ From the uncontroverted facts, it appears that plaintiff was neither engaged in the business of Boxing Promoter, nor prepared so to engage. The plaintiff in an action of this nature must show actual damage and injury to his business or property by reason of the alleged unlawful acts, as distinguished from damage and injury suffered by the public at large. Brownlee v. Malco Theatres, Inc., D.C.Ark.1951, 99 F.Supp. 312; Beegle v. Thomson, 7 Cir., 1943, 138 F.2d 875; Triangle Conduit & Cable v. National Electric Products Corp., 3 Cir., 1945, 152 F.2d 398.

■ There appears to be no genuine issue as to a material fact. As a matter of law, defendants are entitled to their motion. Order granting defendants' motion for summary judgment will be entered.