**BROADCASTERS, INC. and Merrill S. Morris, Plaintiffs,**

v.

**MORRISTOWN BROADCASTING CORPORATION, George S. Croy, Kenneth A. Croy, Edward J. Santoro, Rose Cifrese, Henry J. Behre, Jr. and Tri-County Broadcasting Corporation, Defendants.**

**No. 150–60.**

United States District Court
D. New Jersey.
July 25, 1960.

642

Thorn Lord, Trenton, N. J., Richard
C. O'Hare, Washington, D. C., for plaintiffs.

Edward J. Santoro, So. Plainfield, N. J., Robert M. Booth, Jr., Washington, D. C., for defendants Tri-County Broadcasting Corp., Henry J. Behre, Jr., Rose Cifrese & Edward J. Santoro; Jeffers, Mountain & Franklin, Morristown, N. J., for defendants Morristown Broadcasting Corp., George S. and Kenneth A. Croy; Leonard J. Emmerglick, Washington, D. C., of counsel.

WILLIAM F. SMITH, Chief Judge.

■ This is a civil action under the antitrust laws and particularly Sections 4 and 16 of the Clayton Act, 15 U.S.C.A. §§ 15 and 26. The complaint alleges generally an unlawful agreement, combination and conspiracy in restraint of trade and commerce in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1 and 2, and asserts claims for treble damages and injunctive relief. The action is before the Court at this time on a motion to dismiss the complaint, filed by the defendants under Rule 12(b) of the Rules of Civil Procedure, 28 U.S.C.A., on the ground that the complaint fails to state a claim upon which relief can be granted.

■ A violation of the Act is the sine qua non of a private civil action under the antitrust laws. It is therefore essential that the complaint allege ultimate facts from which it may be determined, or at least inferred, that the concerted conduct of the defendants was reasonably calculated to restrict interstate trade or commerce to the prejudice of the public interest. Shotkin v. General Electric Co., 10 Cir., 171 F.2d 236, 238 et seq.; Kinnear-Weed Corp. v. Humble Oil & Refining Co., 5 Cir., 214 F.2d 891, 893 et seq.; certiorari denied 348 U.S. 912, 75 S.Ct. 292, 99 L.Ed. 715; Crummer Co. v. Dupont, 5 Cir., 223 F.2d 238, 241 et seq.; Nelligan v. Ford Motor Co., 4 Cir., 262 F.2d 556; Alexander v. Texas Co., D.C., 149 F.Supp. 37, 40. A conclusionary allegation that the conduct of the defendants was in violation of the Act, absent specific factual allegations to support it, is insufficient. Ibid. The present complaint, tested by the generally recognized rule, fails to state a claim upon which relief can be granted and, therefore, cannot be sustained.

The plaintiff, Broadcasters, Inc., of which the plaintiff Morris is a majority stockholder, filed with the Federal Communications Commission a formal application for permission to construct a standard radio broadcast station to serve Plainfield, New Jersey, and the contiguous area; this application was filed on May 19, 1956. While the said application was pending, the defendant Tri-County Broadcasting Corporation, of which three of the individual defendants are allegedly stockholders, filed with the Commission a formal application for permission to construct a standard radio broadcast station to serve the same area; this application was filed in October of 1956. The pending applications seek permission to operate on the same frequency and are therefore "mutually exclusive."

The complaint charges in the most general terms that the application of the defendant Tri-County Broadcasting Corporation was filed pursuant to an unlawful conspiracy and that the joint action of the defendants has resulted in an unreasonable restraint upon interstate trade and commerce in violation of the Act. This general charge is supplemented by specific allegations that the pendency of the mutually exclusive application of the said defendant has impeded and delayed the processing of the corporate plaintiffs' application before the Commission to the injury of the public and the plaintiffs. The general charge that the joint action of the defendants has resulted in an unreasonable restraint upon interstate trade and commerce is predicated solely on the said allegation and nothing more. The allegation is clearly insufficient to support the charge.

There is vested in the Federal Communications Commission the plenary power to regulate the field of radio broadcast services and, consistent therewith, specific authority to (a) grant licenses, (b) classify radio stations, (c) prescribe the nature of the services to be rendered, (d) assign bands of frequencies for each

individual station, (e) determine the location of individual stations, (f) establish areas or zones to be served by any station, and (g) promulgate such regulations not inconsistent with the law as it deems necessary to the administration and enforcement of the Act. 47 U.S.C.A. §§ 307 and 303(a) (b) (c) (d) (h) (f). The statutory criterion which governs the Commission's exercise of power and authority is "public convenience, interest, or necessity." Ibid. See National Broadcasting Co. v. United States, 319 U.S. 190, 215, et seq., 63 S.Ct. 997, 87 L.Ed. 1344.

While the Federal Communications Act recognizes that the field of radio broadcast services is one of free competition, there is vested in the Commission the authority to choose between applicants whose applications are mutually exclusive. 47 U.S.C.A. § 307(b). National Broadcasting Co. v. United States, supra, 319 U.S. at pages 215, 216 and 217, 63 S.Ct. at page 1009. The statutory criterion by which the Commission must be guided is the "fair, efficient, and equitable distribution of radio service" in the public interest. Ibid. Where, as in the instant case, mutually exclusive applications are pending before the Commission, "comparative considerations as to the services to be rendered" govern the application of the standard of "public interest, convenience, or necessity." National Broadcasting Co. v. United States, 319 U.S. at page 217, 63 S.Ct. at page 1009. These considerations may result in the grant of one and denial of the other of two competing applications.

It is alleged by the plaintiffs that, pursuant to Section 309 of the Act, the Commission may grant an application for a license without a hearing. It should be noted, however, that this may be done only "if upon examination of any application * * * the Commission shall find that public interest, convenience, and necessity would be served" by the grant of the application. Subdivision (a). It should be noted further that if the Commission is unable to make such a finding on the preliminary record it is required

to "formally designate the application for hearing." Subdivision (b). The hearing contemplated by the expressed provisions of the said subdivision is a full hearing of the adjudicatory type. See United States v. Storer Broadcasting Co., 351 U.S. 192, 202, 76 S.Ct. 763, 100 L.Ed. 1081. The General Rules of Practice and Procedure promulgated by the Commission make adequate provision for such a hearing. 47 C.F.R. § 1.361 et seq. (revision of January 1, 1958, as amended).

It seems reasonably clear that adherence to the statutory provisions herein discussed, and the Commission's rules of practice, must necessarily result in a temporary delay in the processing of mutually exclusive applications. The probability of this contingency was undoubtedly foreseen by the drafters of the Act. It cannot be seriously urged that a delay, occasioned solely by adherence to the statutory provisions and the procedural requirements of the Commission, is an unreasonable "restraint of trade or commerce" condemned by the antitrust laws as illegal.

The claim for damages under Section 4 of the Clayton Act, supra, must fail for a further reason: the plaintiffs have failed to allege facts from which it may be inferred that they have sustained an injury to "business or property." The pertinent provision of the Act affords a remedy to any "person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws." (Emphasis by the Court). The term "business or property" is used in the ordinary sense and denotes a commercial venture or enterprise. Peller v. International Boxing Club, 7 Cir., 227 F.2d 593, 595 and 596; Image & Sound Service Corp. v. Altec Service Corp., D.C., 148 F.Supp. 237, 239; Brownlee v. Malco Theaters, D.C., 99 F.Supp. 312, 316 and 317. The plaintiffs were not engaged in a commercial venture or enterprise at the time this suit was brought; they entertained nothing more than an expectation that they would be so engaged if the license were granted. Ibid. The claim

for injunctive relief must fail for the same reason.

The allegations of the complaint bring this case peculiarly within the ambit of the Peller case, supra. The plaintiff in that case brought suit under Section 4 of the Clayton Act alleging that the defendants had conspired to frustrate his endeavors to promote specific professional boxing matches and to prevent him from attaining professional standing and reputation as a promoter of such matches, the standing he alleged he would have attained in a free competitive market. The action came before the trial court on a motion for summary judgment predicated on the depositions of the plaintiff and others. The motion was granted, D. C., 135 F.Supp. 942, and on appeal the judgment of the trial court was affirmed.

The United States Court of Appeals, Seventh Circuit, in affirming the judgment, stated at page 596 of 227 F.2d: "In the instant case, plaintiff's testimony reveals that he has never engaged in the fight promotion business; indeed, a part of the injury alleged in his complaint is the frustration of his desire to 'attain standing' as a championship professional boxing promoter. His sole venture into the field is the embryonic effort involved herein, which he carried on, apparently, as a sideline to his vocation as a salesman. By his own admission, he has never been licensed in that capacity by any boxing commission. We can conclude, at most, only that he desired to enter the business, but has never been engaged in it."

The complaint in the instant case alleges that the corporate plaintiff is presently engaged in the prosecution of an application for a license to construct and operate a radio broadcasting station and that it is delayed and impeded by the conduct of the defendants. The characterization of this activity as "business or property" within the meaning of the antitrust laws is erroneous. The losses allegedly sustained by the corporate plaintiff are incidental to the prosecution of its application and may not be considered as losses occasioned by an injury to "business or property."

It is the opinion of the Court that the complaint fails to state a claim for relief under the antitrust laws and, therefore, must be dismissed.

The defendants urge a further ground in support of their motion to dismiss the complaint, to wit, that the exclusive primary jurisdiction of the controversy is in the Federal Communications Commission. The decision of the Court that the complaint fails to state a claim for relief under the antitrust laws makes the question moot.