**Pare LORENTZ, an Individual, Plaintiff,**

**v.**

**WESTINGHOUSE ELECTRIC CORPORATION, a Pennsylvania Corporation, Westinghouse Broadcasting Company, Inc., a corporation, Radio Station KDKA, a business entity, and John Cigna, an Individual, Defendants.**

**Civ. A. No. 78–213.**

United States District Court, W. D. Pennsylvania.

July 3, 1979.

---

See also, D.C., 472 F.Supp. 946.

Harold R. Schmidt, and Edward C. Schmidt, Rose, Schmidt, Dixon, Hasley, Whyte & Hardesty, Pittsburgh, Pa., for plaintiff.

David J. Armstrong, and Charles Kenrick, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for defendants.

## OPINION

SNYDER, District Judge.

Lorentz seeks damages from several defendants for defamatory remarks made during a radio talk show, broadcast on March 1, 1977. Count I of the Complaint alleges negligence. Count II charges the defendants with extreme, outrageous and reckless conduct causing severe emotional distress. Count III is based on a violation of Federal law, specifically the rule promulgated by the Federal Communications Commission (the personal attack rule) providing, *inter alia*, safeguards to the reputation of an individual who is attacked over the radio. Count IV states a cause of action in defamation for broadcast tort, which eliminates the distinction between libel and slander. Count V alleges a violation of the plaintiff's right of privacy. Plaintiff moved for summary judgment on all counts, and all defendants moved for summary judgment on Count III, contending there is no implied private cause of action based on the FCC's personal attack rule.

By order dated April 20, 1974, the Court denied the parties' cross motions for summary judgment. Defendants, believing they are entitled to summary judgment, request this Court to certify for immediate appeal under 28 U.S.C. § 1292(b)[1] the question involved in this single count. Defendants do not seek to appeal any matter relating to the remaining four counts. The motion will be denied.

The defendants state that the Court's decision in implying a private cause of action here breaks unprecedented ground in an area where a substantial basis exists for difference of opinion and further that the decision has significant implications not only for this case, but for the broadcasting industry generally. The defendants suggest that it is most important for the sake of the public interest, as well as the private interests of the litigants, that this particular aspect of the parties' dispute be promptly and authoritatively resolved by an appellate determination in advance of trial.

The Third Circuit recently commented on Section 1292(b):

1. 28 U.S.C. § 1292(b) provides: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

"Section 1292(b) permits the district court to certify an order to the appellate court if the court is 'of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.' 28 U.S.C. § 1292(b). Thus, institutional efficiency is a major purpose of the certification provision. *Milbert v. Bison Laboratories, Inc.*, 260 F.2d 431, 433 (3d Cir. 1958) (used in exceptional cases where an intermediate appeal would avoid protracted and expensive litigation). *Accord, Kraus v. Board of County Road Commissioners for Kent County*, 364 F.2d 919, 922 (6th Cir. 1966) (purpose to avoid protracted and expensive litigation); *E. F. Hutton & Co. v. Brown*, 305 F.Supp. 371, 402–03 (D.C. Tex.1969) (purpose to shorten time, effort, and expense exhausted between filing of lawsuit and its termination)."

*Forsyth v. Kleindienst*, 599 F.2d 1203 (3rd Cir. 1979). "It is quite apparent from the legislative history . . . that Congress intended that section 1292(b) should be sparingly applied." *Milbert v. Bison Laboratories, supra.*

The statute lists three conditions which must be satisfied before a trial judge should certify an interlocutory order for appeal: 1) the order must involve a controlling question of law; 2) there must exist substantial grounds for difference of opinion; and 3) an immediate appeal from the order will possibly materially advance the ultimate termination of the litigation. These conditions precedent are to be "strictly construed and applied". *Milbert v. Bison Laboratories, supra,* at 435.

The Court decides that Condition 3 above is not met so we do not need to decide whether there exists substantial grounds for difference of opinion on the question of law involved, or whether the order involves a controlling question of law.[2] The Court does not believe that disposition of the question of law involved would advance the ultimate termination of the litigation.

There are numerous cases where the courts have refused certification for interlocutory orders because the question involved in the interlocutory appeal was only one of many triable issues. *See, e. g., Transamerica Computer Co. v. International Business Machines Corp.*, 459 F.Supp. 626 (N.D.Cal.1978); *SEC v. Penn Central Co.*, 450 F.Supp. 908 (E.D.Pa.1978); *Cicero v. Olgiati*, 426 F.Supp. 1213 (S.D.N.Y.1976); *First Delaware Valley Citizens Television, Inc. v. CBS, Inc.*, 398 F.Supp. 925 (E.D.Pa. 1975). Furthermore, where discovery is complete and the case is ready for trial, an interlocutory appeal "can hardly 'advance the ultimate termination of the case'." *Caldwell v. Seaboard Coastline Railroad*, 435 F.Supp. 310 (W.D.N.C.1977).

Discovery has been completed and trial on all counts is set for August 20, 1979. Even assuming that on appeal it would be determined there is no cause of action under the FCC regulation, plaintiff would still have remaining to be tried substantial claims in the other four counts. Proceeding to trial pending the appeal will probably result in two appeals—the appeal under Section 1292(b) and an appeal from the trial by one or the other of the parties. A second trial may then be required after the Section 1292(b) appeal. On the other hand, staying the trial pending the appeal would needlessly lengthen the litigation.

We have no doubt that, as defendants state, our decision has significant implications for the broadcasting industry generally. The importance of the question may involve whether it is a controlling question of law. In *Kohn v. Royall, Koegel & Wells*, 59 F.R.D. 515 (S.D.N.Y.1973), *appeal dismissed*, 496 F.2d 1094 (2nd Cir. 1974), the court states: "[A] question is deemed controlling only if it may contribute to the

---

2. A question need not be dispositive of the case to qualify as a controlling one. The courts have, however, tended to make the "controlling question" requirement one with the requirement that its determination "may materially advance the ultimate termination of the litigation." 9 *Moore's Federal Practice* ¶ 110.22[2].

determination, at an early stage, of a wide spectrum of cases." We fail to see, however, that appeal of this interlocutory order would materially advance the ultimate termination of *this* litigation. Thus, the third prerequisite is missing and the Motion must be denied.

An appropriate order will be entered.