**GLOBAL ACCESS LIMITED, Plaintiff,**

v.

**AT&T, CORP., Defendant.**

**No. 94–2192–CIV.**

United States District Court,
S.D. Florida.

Oct. 10, 1997.

---

1460

Scott Silver, Coconut Grove, FL, for Plaintiff.

Robert C. Josefsberg, Miami, FL, for Defendant.

## ORDER DENYING AT&T'S MOTION FOR REHEARING AND FOR CERTIFICATION

GOLD, District Judge.

In his order granting Plaintiff's motion for summary judgment, Judge Moreno held that, under the Federal telecommunications law, a common carrier may not unilaterally modify the terms of its agreement with a customer once the agreement has been filed as a Contract Tariff with the Federal Communications Commission. *Global Access Ltd. v. AT&T,* 11 Fla.L. Weekly–Fed D212, D212 (S.D.Fla.1997) ("Order"). For reasons stated

in his Order, he concluded that the *Sierra–Mobile* doctrine controls the issue and prohibits unilateral amendments.

In its motion, AT&T asks this Court to reconsider that ruling, or, alternatively, to certify the Order so it may take an interlocutory appeal. AT&T argues that Judge Moreno was "wrong" in not holding that it had the right to unilaterally amend the Contract Tariff with Global, and also erred by not applying the "Filed Tariff Doctrine" to both validate the tariff amendments and invalidate all of Global's claims and defenses as contrary to those amendments.

■■■ While the undersigned may relinquish jurisdiction to Judge Moreno to consider the pending motions, I decline to do so since, ultimately, I must assume the responsibility of the case upon transfer. Nonetheless, overturning the ruling of a predecessor judge is an exceptional step, not to be taken lightly. As stated in *Stevenson v. Four Winds Travel, Inc.*, 462 F.2d 899, 904–05 (5th Cir.1972), "The rule in most of the national courts ... is that where a judge of a United States District Court ... renders a decision and makes a judicial order in such case, and thereafter the case is transferred to the calendar of another judge of such District Court, the latter judge should respect and not overrule such decision and order." The policy underlying this rule is self-evident. Chief Judge Hatchett best expressed it by stating: "[w]hen the outcome of a case changes simply because the membership of a court changes, the public's respect for the legal system is eroded." *Harris v. Luckey*, 918 F.2d 888, 894 (11th Cir.1990) (Hatchett, J., dissenting).

■■■ In furtherance of this policy, Local Rule 7.1(F) requires any party moving for reconsideration of a ruling made by a predecessor judge to file an affidavit with grounds to support rehearing. See S.D.Fla.L.R. 7.1(F). Consistent therewith, rehearing should only be granted where there is "clear and obvious error" of which "the interests of justice" demand correction. *Am. Home As-*

*sur. Co. v. Glenn Estess & Assoc., Inc.*, 763 F.2d 1237, 1239 (11th Cir.1985). If the legal questions are "at least arguable," then "clear and obvious" error does not exist. *Id.* See also *Villareal v. Braswell Motor Freight Lines, Inc.*, 545 F.2d 978, 979 (5th Cir.1977) (a mere difference of opinion between judges is not "tantamount to the 'clear' mistake of law necessary" for reconsideration). The law cited by AT&T on the standard is in full accord. *See, e.g. Z.K. Marine, Inc. v. M/V Archigetis*, 808 F.Supp. 1561 (S.D.Fla.1992) (Hoeveler, J.) (reconsideration is only appropriate "to correct manifest errors of law or fact or to present newly discovered evidence").

Applying these standards, after review of the detailed memoranda filed by both parties, I conclude that there is no "clear and obvious" error of fact or law, and the motion for reconsideration should be denied.

One point raised by AT&T bears discussion. AT&T argues that reconsideration is appropriate because Judge Moreno erred by not citing "... [t]he controlling 1994 [United] Supreme Court decision [*MCI Telecommunications Corp. v. American Tel. & Tel. Co.*, 512 U.S. 218, 114 S.Ct. 2223, 129 L.Ed.2d 182 (1994) ] that reaffirmed the applicability of the FCC's filed tariff regime", and he ignored *Maislin Indus., U.S., Inc. v. Primary Steel, Inc.*, 497 U.S. 116, 110 S.Ct. 2759, 111 L.Ed.2d 94 (1990), as just the most recent example "in a long line of Supreme Court cases rejecting attempts by agencies to give effect to [alleged] bilateral agreements that contain different rates, terms and conditions th[an] (sic) the tariff that is then in effect." (AT&T's Motion for Reconsideration, pages 11 and 12). Applying such precedent, AT&T claims that the Supreme Court expressly rejected an attempt by the FCC to permit certain common carriers to provide telecommunications services by contracts instead of by tariffs filed under Section 203 of the Federal Communications Act (AT&T's Motion for Rehearing, page 2).

Whether considered by Judge Moreno or

not [1], neither the *MCI* nor the *Maislin* decisions have any bearing on the issues decided in his Order. In *MCI*, the Supreme Court considered a series of orders and rules issued by the Federal Communication Commission ("Commission") under Section 203(b)(2) of the Communications Act, which authorized the Commission to "modify any requirement made by or under . . . this section. . . ." Relying on this provision, the Commission issued an order determining that its earlier decision to make tariff filing *optional* for all nondominant long distance carriers [such as MCI] was within its authority to "modify." Notably, AT&T, the only dominant long distance carrier, challenged the Commission's orders and rules as "ultra vires" on the basis that its "detariffing" policy violated Section 203(a) of the Federal Communication Act, which requires communications common carriers to file tariffs with the Commission. Pursuant to the Commission's detariffing policy, MCI continued its practice of not filing tariffs for certain services. The Supreme Court considered the tariff-filing requirement to be "the heart of the common-carrier section of the Communications Act." *MCI*, *supra*, 512 U.S. at 227, 114 S.Ct. at 2230, and invalidated the policy as being beyond the Commission's powers under Section 203(b).

In *Maislin*, the interstate Commerce Commission ("ICC"), as noted by AT&T in its memorandum, sought to excuse a customer from paying the tariffed rate when it had previously negotiated a lower rate with the carrier in a private agreement. The Supreme Court noted that the carrier "never filed the negotiated rates [with its customer] with the Interstate Commerce Commission." 497 U.S. at 123, 110 S.Ct. at 2764. The Supreme Court prohibited the ICC from attempting to enforce a rate that was never contained in a filed tariff. *Maislin*, 497 U.S. at 132, 110 S.Ct. at 2769.

Neither decision addresses contract based tariffs such as considered by Judge Moreno.

Unlike the situation in *MCI* and *Maislin*, the contract based rates between the carrier and customer allowed under a CT must be reduced to a Contract Tariff which the Commission requires to be filed. To this effect, the Commission, in its 1991 order, mandated that: "AT&T must file a contract-based tariff that complies with section 203 of the [Communications Act]" in order to enter into a Contract Tariff with a customer. *Competition in the Interstate Interexchange Marketplace*, 6 FCCRcd. 5880 5902 (1991) ("CT Order I").

In these proceedings, AT&T does not challenge the Commission's 1991 Contract Carriage Policy Report and Order creating contract based tariffs. To the contrary, AT&T has pursued "contract-based tariffs" when it has deemed them beneficial. Here, it filed a Contract Tariff with the Commission to implement its agreement with Global in the form of CT 1119, based on the April 13, 1994 Contract Tariff Order *which it prepared*. What is at issue here is whether AT&T may then unilaterally modify the terms of its agreement with a customer once that agreement has been filed as a Contract Tariff with the FCC. For the reasons stated in Judge Moreno's Order, I concur with his conclusion (and reasoning) that AT&T may not.

▮▮▮ Alternatively, AT&T seeks relief from this Court in the form of a certification of Judge Moreno's Order pursuant to 28 U.S.C. Section 1292(b). Although there is a threshold issue as to whether the Undersigned, instead of Judge Moreno who entered the original Order, may enter the order of certification under 28 U.S.C. Section 1292(b), I decline to address that question as moot because I deny the requested certification. Before certification may be considered, three separate elements must be established. First, the subject order must involve a controlling question of law. Second, there must be a substantial ground for difference of opinion. Third, the interlocutory appeal

---

1. The record gives no indication that Judge Moreno failed to consider the *MCI* decision. AT&T cited the case in its Memorandum of Law opposing Global's Motion for Partial Summary Judgement. Global included a complete copy of the case in Volume I of its Appendix of Legal Authorities, filed June 18, 1996.

must "materially advance the ultimate termination of the litigation." *See, e.g., Harris v. Luckey, supra,* 918 F.2d at 892.

Here, the pretrial appeal would prolong, rather than advance the ultimate termination of the litigation. Under the circumstances, AT&T has failed to overcome the "strong presumption against interlocutory appeals" as enunciated by the Eleventh Circuit Court of Appeals. See *United States v. One Parcel of Real Property,* 767 F.2d 1495, 1498 (11th Cir.1985). Given the already long history of the case, such additional time would unduly delay the trial which is now set for March, 1998. This case already has been set for trial and then continued six different times by three different predecessor judges. All substantive motions have been decided and discovery is almost completed. Simply stated, it is time for trial.

The decision in *Lorentz v. Westinghouse Elec. Corp.,* 472 F.Supp. 954 (W.D.Pa.1979) supports this conclusion. On a motion for summary judgment, the district court ruled upon an issue of Federal Communications Law that the defendants contended broke "unprecedented ground" and had "significant implications" for the entire industry. *Id.* at 955. Nonetheless, the court declined certification. Discovery had been completed and the case was set for trial. *Id.* at 956. The court was persuaded that allowing certification would simply result in two different appeals, one interlocutory and one post-trial, and that staying the trial pending the interlocutory appeal "would needlessly lengthen the litigation." *Id.* In my view, the same would result in this case if certification was granted.

**WHEREFORE,** for the reasons stated, AT&T's motions for reconsideration and certification are **DENIED.**